UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| TAIFOOR JAMIL, | : |
| Plaintiff, | : |
| v. | : Case No. 2:24-cv-306 |
| STATE OF VERMONT JUDICIARY & JUDICIAL ADMINISTRATION, ET AL. | : |
| Defendants. | : |

### ORDER
(Doc. 1)

On March 22, 2024, pro se Plaintiff Taifoor Jamil submitted a proposed Complaint alleging violations of his rights by over twenty-five Defendants brought under, among other federal laws, 42 U.S.C. § 1983. (Doc. 1-2.) Plaintiff seeks to proceed without payment of fees, or *in forma pauperis* ("IFP"), under 28 U.S.C. § 1915. He has filed the required affidavit in support of his Application. (Doc. 1.)

Federal law generally requires a fee for parties seeking to institute "any civil action, suit or proceeding" in federal district court. 28 U.S.C. § 1914(a). Where a plaintiff seeks to proceed IFP, the court must determine whether he has demonstrated sufficient economic need to proceed without prepaying, in full, the required $405.00 filing fee. The purpose of the IFP statute is to ensure that indigent persons have equal access to the judicial system. The statute excuses from prepayment of filing fees any person who submits an affidavit "that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). It is not necessary for a litigant to show that she is "absolutely destitute" to obtain the benefits of the statute. *Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 339 (1948). It is instead sufficient for the litigant to

demonstrate that paying court costs would deprive her of the "necessities of life." *Id.*; *see also Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) ("No party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life.").

In his financial affidavit, Plaintiff states he is retired and receives pensions, annuities, or life insurance payments, however, he fails to describe each source of money or to provide the amount received from each during the past twelve months. (Doc. 1-1 at 1–2.) He states that he has $250 in a bank account, no other assets, and monthly expenses totaling $710. Without the required information regarding Plaintiff's income, the court cannot perform the required review of his IFP application. Because Plaintiff's financial affidavit does not meet the requirements of 28 U.S.C. § 1915(a), his IFP Application (Doc. 1) is DENIED WITHOUT PREJUDICE.

Even if Plaintiff had been granted IFP status, under 28 U.S.C. § 1915, "the court shall dismiss [a] case [filed IFP] at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B).

In addition, the Federal Rules of Civil Procedure set forth pleading requirements. Rule 8 provides, in relevant part, that a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). Essentially, Rule 8 ensures a complaint provides a defendant with sufficient notice of the claims against him. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 10 requires a party state its claims in numbered paragraphs. Fed. R. Civ. P. 10(b). This Court's Local Rules further require double-spacing. *See* D. Vt. L.R. 10(a)(6).

In its current state, Plaintiff's twenty-two page proposed Complaint does not comply with either the federal or local rules.  Although it is type-written, it is single-spaced, in violation of Local Rule 10, and without numbered paragraphs, in violation of Federal Rule 10.  More importantly, it does not satisfy the requirements of Rule 8.  For example, Plaintiff's allegations of jurisdiction are neither short nor plain.  *See* Doc. 1-2 at 6 (containing a half-page of single spaced, run-on allegations).  Despite Plaintiff's inclusion of many statutory references, he does not allege in a short and plain statement how any defendant violated his rights or any particular law.  For these reasons, even if Plaintiff's IFP Application had been granted, his proposed Complaint would likely be dismissed.[1]  *See Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("When a complaint fails to comply with [pleading] requirements, the district court has the power, on motion or sua sponte, to dismiss the complaint or to strike such parts as are redundant or immaterial.").

## CONCLUSION

For the reasons discussed above, and having conducted the review required under 28 U.S.C. § 1915(a)(1), Plaintiff's Application to proceed *in forma pauperis* (Doc. 1) is DENIED WITHOUT PREJUDICE.  Plaintiff may pay the filing fee of $405 or refile the application with an affidavit clearly stating his income.  Plaintiff may also choose to amend his proposed Complaint so that it sets forth a factual and legal basis for this court's jurisdiction and states a claim for which relief may be granted.  Any such complaint must comport with the Federal Rules of Civil Procedure, including setting forth short and plain statements of each claim

---

[1] Plaintiff previously filed an action against many of the same defendants.  The court dismissed his claims against Vermont state defendants on Eleventh Amendment sovereign immunity grounds and against the remaining defendants for failure to state a claim.  Plaintiff did not avail himself of the opportunity to submit an Amended Complaint.  *See Jamil v. State of Vt. Jud. Admin.*, No. 2:14-cv-145, 2015 WL 13846913 (D. Vt. Sept. 17, 2015).

as required by Rule 8, and doing so in consecutively numbered paragraphs as required by Rule 10.[2] Should Plaintiff fail to pay the filing fee or to refile an IFP application on or before May 16, 2024, this case shall be closed.

The Court certifies that any appeal would not be taken in good faith under 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 16th day of April 2024.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge

---

[2] For further reference, Plaintiff may consult the court's Representing Yourself as a *Pro Se* Litigant Guide, available at www.vtd.uscourts.gov/sites/vtd/files/ProSe Guide113015.pdf, as well as a sample Complaint.