UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| TAIFOOR JAMIL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:24-cv-306 |
| | : | |
| STATE OF VERMONT JUDICIARY & | : | |
| JUDICIAL ADMINISTRATION, et al. | : | |
| | : | |
| Defendants. | : | |

**ORDER GRANTING APPLICATION TO PROCEED**
<u>**IN FORMA PAUPERIS AND DISMISSING AMENDED COMPLAINT**</u>
(Docs. 3, 3-2)

On March 22, 2024, pro se Plaintiff Taifoor Jamil submitted a proposed Complaint alleging violations of his rights by over twenty-five Defendants brought under, among other federal laws, 42 U.S.C. § 1983. (Doc. 1-2.) Plaintiff sought to proceed without payment of fees, or *in forma pauperis* ("IFP"), under 28 U.S.C. § 1915. On April 16, 2024, the Application was denied without prejudice because his financial affidavit failed to make the required showing. (Doc. 2.) Plaintiff's timely refiled IFP Application (Doc. 3) is GRANTED because the financial affidavit (Doc. 2-1) satisfies the requirements of 28 U.S.C. § 1915(a). However, for the reasons explained below, his Amended Complaint (Doc. 3-2) is DISMISSED.

Under the IFP statute, "the court shall dismiss [a] case [filed IFP] at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Although the court must read a self-represented plaintiff's complaint liberally and construe it to raise the strongest arguments it suggests, *Harris*

*v. Miller*, 818 F.3d 49, 56 (2d Cir. 2016) (per curiam), "[d]ismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Plaintiff previously filed an action against many of the same defendants. The court dismissed his claims against Vermont state defendants on Eleventh Amendment sovereign immunity grounds and against the remaining defendants for failure to state a claim. Plaintiff did not avail himself of the opportunity to submit an Amended Complaint. *See Jamil v. State of Vt. Jud. Admin.*, No. 2:14-cv-145, 2015 WL 13846913 (D. Vt. Sept. 17, 2015). Instead, Plaintiff unsuccessfully attempted to have the case reopened in 2017, 2018, and 2022.

In his current Proposed Amended Complaint, Plaintiff concedes that:

> [A] document of "sovereign immunity" DOCKET #2:14-CV-145 and Retaliations, Systemic deprivation of rights, Wrongful "court of competent" jurisdiction repressive judicial "TOOL" mental health adjudicate "insanity" imposed denial of due process and equal protection filled with grim-aching "involuntary servitude" [and] DOCKET #2:24-CV-306 against targeted Plaintiff (Me) are totally intertwined[.]

(Doc. 3-2 at 12.)

In the court's April 16 Order, the court explained that Plaintiff's twenty-two page proposed Complaint did not comply with either the federal or local procedural rules. Although it was type-written, it was single-spaced, in violation of Local Rule 10, and without numbered paragraphs, in violation of Federal Rule 10. More importantly, it did not satisfy the requirements of Rule 8. The court noted, for example, that Plaintiff's allegations of jurisdiction were neither short nor plain. *See* Doc. 1-2 at 6 (containing a half-page of single spaced, run-on allegations). Despite Plaintiff's inclusion of many statutory references, he did not allege in a short and plain statement how any defendant violated his rights or any particular law. As a result, the court

concluded that even if Plaintiff's IFP Application had been granted, his proposed Complaint likely would have been dismissed. (Doc. 2 at 3.)

For these reasons, the court specified that Plaintiff could amend his proposed Complaint so that "it sets forth a factual and legal basis for this court's jurisdiction and states a claim for which relief may be granted" and "comport[s] with the Federal Rules of Civil Procedure, including setting forth short and plain statements of each claim as required by Rule 8, and doing so in consecutively numbered paragraphs as required by Rule 10." *Id.*

Plaintiff's thirty-eight page proposed Amended Complaint attempts to cure these insufficiencies but does so largely through the addition of paragraph numbers and double-spacing. It does not contain short and plain statements of any claim. In substance, the amended pleading remains primarily unchanged. Indeed, the "conclusion, relief and remedy sought" sections of the proposed Complaint and proposed Amended Complaints are verbatim. *Compare* Doc. 1-2 at 20-22 *with* Doc. 3-2 at 35-38. Reading Plaintiff's proposed Amended Complaint liberally, as it must, the court finds that it fails to comply with Rule 8 and fails to state a claim on which relief can be granted. The court further finds that it is frivolous and malicious as this is Plaintiff's fifth attempt to bring these claims in this court.

The Second Circuit has cautioned that a court "should not dismiss a pro se complaint without granting leave to amend at least once." *Garcia v. Super. of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (internal quotation marks omitted). However, "[l]eave may be denied for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (cleaned up). "[T]he standard for denying leave to amend based on futility is the

3

same as the standard for granting a motion to dismiss." *IBEW Loc. Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015).

Plaintiff was granted leave to amend in his 2014 case in this court. He did not do so and his three attempts to reopen the case were denied. In light of Plaintiff's history of repetitive litigation, spanning ten years, and because Plaintiff asserts the same or similar factual allegations in this case, Plaintiff is denied leave to amend because it would be futile as his allegations would not state a claim for which relief could be granted.

## CONCLUSION

Having conducted the review required under 28 U.S.C. § 1915(a)(1), Plaintiff's Application to proceed *in forma pauperis* (Doc. 3) is GRANTED. However, for the reasons discussed above, Plaintiff's proposed Amended Complaint (Doc. 3-2) is DISMISSED under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6). The court certifies that any appeal would not be taken in good faith under 28 U.S.C. § 1915(a)(3).

In light of the history of his litigation in this court, Mr. Jamil is warned that future repetitive or frivolous filings in this District may result in a filing injunction.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 1st day of August 2024.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge